**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CYRENA BROCK**<br>**Plaintiff**<br><br>**V.**<br><br>**CITY OF LANCASTER, SERGEANTS/LIEUTENANTS JOHN DOE 1-10, AND POLICE OFFICERS JOHN DOE 1-10, BADGE NUMBERS UNKNOWN**<br><br>**Defendants** | **CIVIL ACTION**<br><br>**No.: 23-CV-3202**<br><br>**JURY TRIAL DEMANDED** |

# COMPLAINT

## I. JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343, and 28 U.S.C. § 1367 and the principles of pendant and ancillary jurisdiction for the claims arising under state law.

2. Venue is proper under 28 U.S.C. §1391(b) because the cause of action upon which the complaint is based arose in Lancaster County, Pennsylvania, which is in the Eastern District of Pennsylvania.

## II. PARTIES

3. Plaintiff, Cyrena Brock, is a resident and citizen of the Commonwealth of Pennsylvania.

4. Defendant, City of Lancaster, is a municipality of the Commonwealth of Pennsylvania and owns, operates, manages, directs, and controls the City of Lancaster Bureau of Police, which at all relevant times employed the individually named defendants, currently designated as John Does.

5. At all relevant times, Defendant City of Lancaster acted or failed to act through its employees, agents, contractors, servants, and workmen, including but not limited to the individually named defendants, currently designated as John Does.

6. Defendants Sergeants/Lieutenants John Doe 1-10 were at all relevant times law enforcement officers for the City of Lancaster Bureau of Police acting under the color of state law and within the course and scope of their employment and pursuant to the policies, practices, and customs of the City of Lancaster Bureau of Police and/or the City of Lancaster, and are being sued in both their individual and official capacities.

7. Defendants Sergeants/Lieutenants John Doe 1-10 are fictitious names of individuals whose identities remain unknown to Plaintiff despite the exercise of reasonable diligence.

8. Defendants Police Officers John Doe 1-10 were at all relevant times law enforcement officers for the City of Lancaster Bureau of Police acting under the color of state law and within the course and scope of their employment and pursuant to the policies, practices, and customs of the City of Lancaster Bureau of Police, and are being sued in both their individual and official capacities.

9. Defendants Police Officers John Doe 1-10 are fictitious names of individuals whose identities remain unknown to Plaintiff despite the exercise of reasonable diligence.

10. At all relevant times, all Defendants were acting in concert and conspiracy, and their actions deprived the Plaintiff of her constitutional and/or statutory rights.

## III. FACTS

11. On August 20, 2021, Plaintiff, Cyrena Brock, was a patron of Yorgos Restaurant and Lounge located at 66 N Queen Street, Lancaster, PA 17603.

12. At the above date, time, and location, Plaintiff got into a verbal altercation with a female patron of Yorgos Restaurant and Lounge because the patron made fun of Plaintiff's necklace that honors her late father.

13. Sometime after the argument, Plaintiff decided to go outside to have a cigarette.

14. While outside, Plaintiff spoke with the owner of the bar and the owner's son, both of whom agreed Plaintiff was not to blame for the verbal altercation.

15. The owner invited Plaintiff to re-enter the restaurant and lounge.

16. The patron with whom Plaintiff had the prior verbal altercation was also allowed to re-enter the restaurant and lounge.

17. Shortly after, another altercation between Plaintiff and said female ensued.

18. The City of Lancaster Bureau of Police, including Defendants Police Officers John Doe 1 – 10 and/or Defendants Sergeants/Lieutenants John Doe 1 – 10, were called to the premises.

19. When the male officers included within Defendants Police Officers John Doe 1 – 10 and/or Defendants Sergeants/Lieutenants John Doe 1 – 10 attempted to frisk Plaintiff, she requested a female officer conduct the frisk.

20. She was not comfortable with being frisked by a male officer because of childhood trauma.

21. Plaintiff's request for a female officer was refused.

22. Defendants Police Officers John Doe 1 – 10 and/or Defendants Sergeants/Lieutenants John Doe 1 – 10 then arrested Plaintiff, taking her to the City of Lancaster Bureau of Police precinct located at 39 W. Chestnut Street in Lancaster, PA.

23. Plaintiff was the only person arrested that evening.

24. At the precinct, several male police officers, including Defendants Police Officers John Doe 1 – 10 and/or Defendants Sergeants/Lieutenants John Doe 1 – 10, held Plaintiff while a female removed her shoes and frisked her.

25. During this encounter, Defendant Police Officers John Doe 1 – 10 and/or Defendants Sergeants/Lieutenants John Doe 1 – 10 pushed Plaintiff over onto a metal bunk, causing Plaintiff to injure her face and nose, resulting in serious injuries, including hearing loss.

26. The following morning, the female police officer apologized to Plaintiff and took photographs of her injuries.

27. As a direct and proximate result of the above, Plaintiff suffered serious personal injuries and/or aggravations thereto, some or all of which may be permanent in nature, including but not limited to:

a. **Tiny avulsion fracture near the tip of the nasal bone;**
b. **Mucosal thickening in bilateral ethmoid air cells with leftward deviation of the nasal septum and edema involving the left nasal turbinates, tiny air-fluid level in the posterior aspect of the left maxillary sinus;**
c. **Closed fracture of the nasal bone;**
d. **DNS (deviated nasal septum);**
e. **Tinnitus of both ears;**
f. **Sensorineural hearing loss (SNHL) of both ears;**
g. **Epistaxis; and**
h. **Hypertrophy of nasal turbinates.**

28. As a further direct and proximate result of the above, Plaintiff has suffered distress, extreme sadness, lethargy, loss of enjoyment of life, anguish, embarrassment, and humiliation and may continue to suffer the same for an indefinite time into the future, to her great detriment and loss.

29. As a further direct and proximate result of the above, Plaintiff has incurred various expenses for medical treatment and may be obliged to continue to incur additional

medical expenses for an indefinite time into the future, to Plaintiff's great detriment and loss. Expenses to date include, but are not limited to:

| | |
|---|---|
| **UPMC**<br>**Emergency Room Department**<br>**8/23/21** | **$4,150.00** |
| **UPMC**<br>**Dr. Afsheen A. Karim**<br>**8/23/21** | **$236.00** |
| **UPMC**<br>**Dr. Afsheen A. Karim & Dr. Rizzo**<br>**8/26/21-12/30/21** | **$2,295.00** |
| | + |
| **TOTAL** | **$6,681.00** |

30. As a further direct and proximate result of the above, Plaintiff has been or may be obliged to incur various expenses for care and treatment and may be obliged to continue to incur such expenses for an indefinite time into the future, to her great detriment and loss.

31. As a further direct and proximate result of the above, Plaintiff has suffered or may suffer a loss of earnings and earnings capacity past, present, and/or future.

**COUNT I - EXCESSIVE FORCE**
**CYRENA BROCK V. POLICE OFFICERS JOHN DOE 1 - 10 AND SERGEANTS/LIEUTENANTS JOHN DOE 1 - 10**

32. The preceding paragraphs are incorporated herein by reference, as though each were fully set forth herein at length.

33. As aforesaid, Defendants, Police Officers John Doe 1 - 10 and/or Sergeants/Lieutenants John Doe 1 - 10, jointly and/or severally, acting within the course and scope of their employment, under the color of state law, intentionally, recklessly, and maliciously deprived Plaintiff of her rights, privileges, and immunities under the Laws and Constitutions of the Commonwealth of Pennsylvania and the United States, in particular, the right to be free from excessive force.

34. Defendants' aforementioned actions violated the Plaintiff's rights under the Fourth Amendment as applied to the States through the Fourteenth Amendment of the Constitution of the United States, the Laws of the United States and of the Commonwealth of Pennsylvania and were in violation of 42 U.S.C. § 1983.

35. As aforesaid, Defendants, Police Officer John Doe 1 - 10 and/or Sergeants/Lieutenants John Doe 1 - 10, jointly and/or severally, acting within the course and scope of their employment, under the color of state law, used their position of authority, to illegally and improperly subject the Plaintiff to excessive force, by the above described actions, all of which violated the Plaintiff's rights under the Fourth Amendment as applied to the States through the Fourteenth Amendment of the Constitution of the United States, the Laws of the United States and of the Commonwealth of Pennsylvania and were in violation of 42 U.S.C. § 1983.

36. Defendants, Police Officer John Doe 1 - 10 and/or Sergeants/Lieutenants John Doe 1 - 10, jointly and/or severally, have been deliberately indifferent to the right of the Plaintiff to be free from excessive force; said deliberate indifference violates the Plaintiff's rights under the Fourth Amendment as applied to the States through the Fourteenth Amendment of the Constitution of the United States, the Laws of the United States and of the Commonwealth of Pennsylvania and were in violation of 42 U.S.C. § 1983.

37. As a direct and proximate result of the malicious, intentional, and reckless actions of the Defendants, Police Officer John Doe 1 - 10 and/or Sergeants/Lieutenants John Doe 1 - 10, the Plaintiff, Cyrena Brock, suffered injuries, which are described above.

38. The above-described actions of all Defendants, Police Officer John Doe 1 - 10 and/or Sergeants/Lieutenants John Doe 1 - 10, in their individual capacities, were so malicious,

intentional and reckless and displayed such a reckless indifference to the Plaintiff's rights and wellbeing, that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff, Cyrena Brock, demands compensatory and punitive damages against the Defendants, Police Officers John Doe 1 - 10 and Sergeants/Lieutenants John Doe 1 - 10, jointly and/or severally, in their individual capacity, in an amount to fairly and justly compensate her for the violation of her Fourth Amendment rights and the injuries she suffered, plus interest, costs, attorney's fees, delay damages, and any other relief deemed appropriate by the court.

**COUNT II - BYSTANDER LIABILITY**
**CYRENA BROCK V. POLICE OFFICER JOHN DOE 1 - 10 AND SERGEANTS/LIEUTENANTS JOHN DOE 1 - 10**

39. The preceding paragraphs are incorporated herein by reference, as though each were fully set forth herein at length.

40. Defendants, Police Officer John Doe 1 - 10 and/or Sergeants/Lieutenants John Doe 1 - 10, were present when the Plaintiff's Fourth Amendment rights were being violated and had a duty to stop the unconstitutional seizure and use of force against the Plaintiff.

41. Defendants, Police Officer John Doe 1 - 10 and/or Sergeants/Lieutenants John Doe 1 - 10, knew or had reason to know that the Plaintiff's Fourth Amendment rights were being violated, and the aforementioned Defendants had a realistic opportunity to intervene and prevent the violation of the Plaintiff's Fourth Amendment rights and resulting harm from occurring but failed to do so.

42. Defendants, Police Officer John Doe 1 - 10 and/or Sergeants/Lieutenants John Doe 1 - 10, maliciously, recklessly, and/or intentionally, and with deliberate indifference, failed to intervene and halt the unconstitutional conduct of any and all of the above-named Defendants, resulting in Plaintiff sustaining the injuries as set forth above.

43. The above-described actions of the Defendants, Police Officer John Doe 1 - 10 and/or Sergeants/Lieutenants John Doe 1 - 10, in their individual capacities, were so malicious, intentional, and reckless and displayed such a reckless indifference to Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff, Cyrena Brock, demands compensatory and punitive damages against the Defendants, Police Officers John Doe 1 - 10 and Sergeants/Lieutenants John Doe 1 - 10, jointly and/or severally, in their individual capacity, in an amount to fairly and justly compensate her for the violation of her Fourth Amendment rights and the injuries she suffered, plus interest, costs, attorney's fees, delay damages, and any other relief deemed appropriate by the court.

**COUNT III - CONSPIRACY**
**CYRENA BROCK V. POLICE OFFICER JOHN DOE 1 - 10 AND SERGEANTS/LIEUTENANTS JOHN DOE 1 - 10**

44. The preceding paragraphs are incorporated herein by reference, as though each were fully set forth herein at length.

45. As demonstrated by their concerted conduct, Defendants, Police Officer John Doe 1 - 10 and/or Sergeants/Lieutenants John Doe 1 – 10, entered into an agreement or reached a meeting of the minds to assault and batter, and subject the Plaintiff, Cyrene Brock, to excessive force.

46. The above-described actions were so malicious and intentional and displayed such reckless indifference to Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff, Cyrena Brock, demands compensatory and punitive damages against the Defendants, Police Officers John Doe 1 - 10 and Sergeants/Lieutenants John Doe 1 - 10, jointly and/or severally, in their individual capacity, in an

amount to fairly and justly compensate her for the violation of her Fourth Amendment rights and the injuries she suffered, plus interest, costs, attorney's fees, delay damages, and any other relief deemed appropriate by the court.

**COUNT IV - SUPERVISORY LIABILITY**
**CYRENA BROCK V. SERGEANTS/LIEUTENANTS JOHN DOE 1 - 10**

47. All preceding paragraphs are incorporated by reference as though fully set forth herein.

48. Plaintiff, Cyrena Brock, believes and therefore avers that Defendants, Sergeants/Lieutenants John Doe 1 – 10, participated in, directed, encouraged, and/or acquiesced to the use of excessive force against Plaintiff, which deprived the Plaintiff of her constitutional rights and privileges under the Constitution of the United States.

49. The Plaintiff believes and therefore avers that the Defendants, Sergeants/Lieutenants John Doe 1 – 10, encouraged and failed to prevent their subordinate officers, Defendants Police Officers John Doe 1 -10, from illegally using excessive force and therefore deprived the Plaintiff of her rights under the Fourth and Fourteenth Amendments.

50. As detailed above, Defendants, Sergeants/Lieutenants John Doe 1 – 10 failed to fulfill their obligation to supervise and intervene when they had an independent and affirmative duty and reasonable opportunity to prevent the illegal use of excessive force against Plaintiff by their subordinate officers.

51. As detailed above, by encouraging and failing to supervise and intervene, Defendants, Sergeants/Lieutenants John Doe 1 – 10 effectively assisted their subordinate officer in using excessive force against Plaintiff, and therefore deprived the Plaintiff of her constitutional rights and privileges under the Constitution of the United States, more specifically the Fourth and Fourteenth Amendments.

52. The above-described actions of the Defendants in their individual capacities were so malicious, intentional, and reckless and displayed such a reckless indifference to the Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff, Cyrena Brock, demands compensatory and punitive damages against the Defendants, Police Officers John Doe 1 - 10 and Sergeants/Lieutenants John Doe 1 - 10, jointly and/or severally, in their individual capacity, in an amount to fairly and justly compensate her for the violation of her Fourth Amendment rights and the injuries she suffered, plus interest, costs, attorney's fees, delay damages, and any other relief deemed appropriate by the court.

**COUNT V - *MONELL* CLAIM**
**CYRENA BROCK V. THE CITY OF LANCASTER**

53. The preceding paragraphs are incorporated herein by reference, as though each were fully set forth herein at length.

54. The Plaintiff, Cyrena Brock, believes and therefore avers that the Defendant, the City of Lancaster, has adopted and maintained for many years a recognized and accepted policy, custom, and/or practice of condoning and/or acquiescing in the use of excessive force by its officers, conducting unlawful seizures, and systematically physically abusing individuals, and subjecting them to the same type of treatment to which the Plaintiff was subjected.

55. Said policy, custom, and practice violates the Fourth Amendment as applied to the States through the Fourteenth Amendment of the Constitution of the United States, the Laws of the United States and of the Commonwealth of Pennsylvania.

56. The Plaintiff believes and therefore avers that the Defendant, the City of Lancaster, has adopted and maintained for many years, a recognized and accepted policy, custom, and practice of systematically failing to properly train, investigate, supervise and discipline police

officers, including the individual Defendants, regarding constitutional restraints on the use of force when dealing with arrestees in custody, which policy and/or custom and/or practice violates the Fourth Amendment as applied to the States through the Fourteenth Amendment of the Constitution of the United States, the Laws of the United States and of the Commonwealth of Pennsylvania.

57. The Plaintiff believes and therefore avers that at the time of the incident alleged in Plaintiff's Complaint, Defendant, the City of Lancaster, exercising final decision making authority in all areas relevant to the claims in Plaintiff's Complaint, knew or should have known of the above described policy, custom, and practice of the City of Lancaster Bureau of Police, and that they deliberately, knowingly, and/or intentionally failed to take measures to stop or limit the policy, customs, and practice including but not limited to, inter alia:

A. Failure to restrain unlawful use of excessive force of persons;

B. Failure to properly train, test, and/or select its officers in the proper use of force;

C. Failure to have clear, concise, and appropriate directives;

D. Failure to properly supervise and/or control its officers;

E. Failure to restrain the use of excessive force when conducting frisks/pat downs at the stations and/or searches, and to have clear concise and appropriate directives regarding same;

F. Failure to have proper counseling, use of force training, sensitivity training, psychiatric evaluations, or supervisory briefing/discussion prior and ongoing complaints of excessive force;

G. Failure to conduct systematic and complete internal affairs investigations and commanding officers' investigation resulting in appropriate and documented corrective actions at all levels of the City of Lancaster Bureau of Police;

H. Failure to prevent Plaintiff from being injured by its Police Officers where Defendants knew or had reason to know of the dangerous propensities of said officers;

I. Failure to have in existence and/or maintain proper personnel training procedures necessary to prevent the type of conduct as aforesaid;

J. Failing to provide adequate guidance, including directives, as to when it was inappropriate to use force against non-resisting, non-violent arrestees in custody;

K. Otherwise acting without due regard for the rights, safety and position of the Plaintiffs herein, in accordance with the Fourth Amendment.

58. The Defendant, Lancaster Police Department, have been deliberately indifferent to the rights of the citizens of the Commonwealth of Pennsylvania to be free from excessive force, which deliberate indifference violates the Plaintiff's rights under the Fourth Amendment as applied to the States through the Fourteenth Amendment of the Constitution of the United States, the Laws of the United States and of the Commonwealth of Pennsylvania.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff, Cyrena Brock, demands compensatory damages against the City of Lancaster in an amount to fairly and justly compensate her for the violation of her Fourth Amendment rights and the injuries she suffered, plus interest, costs, attorney's fees, delay damages, and any other relief deemed appropriate by the court.

**COUNT VI – ASSAULT AND BATTERY**
**CYRENA BROCK V. POLICE OFFICER JOHN DOE 1 – 10 AND SERGEANTS/LIEUTENANTS JOHN DOE 1 – 10**

59. The allegations set forth in the foregoing paragraphs are incorporated herein as if fully set forth.

60. The above-described actions of Defendants constituted an unnecessary and excessive use of force to carry out Defendants' law enforcement duties under the circumstances.

61. The above-described actions of Defendants put Plaintiff in reasonable fear of imminent bodily harm and resulted in Plaintiff being unlawfully and improperly touched, assaulted, battered, and abused against his will.

62. The above-described actions were so malicious, intentional, gross, wanton, and reckless and displayed such a reckless indifference to Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to Pennsylvania common law, Plaintiff, Cyrena Brock, demands compensatory and punitive damages against the Defendants, Police Officers John Doe 1 - 10 and Sergeants/Lieutenants John Doe 1 - 10, jointly and/or severally, in their individual capacity, in an amount to fairly and justly compensate her for the violation of her Fourth Amendment rights and the injuries she suffered, plus interest, costs, attorney's fees, delay damages, and any other relief deemed appropriate by the court.

**Dated: August 18, 2023**

**/s/** *Alan E. Denenberg*
**Alan E. Denenberg, Esquire**

**ABRAMSON & DENENBERG, PC**
**PA BAR IDENTIFICATION NO. 54161**
**1315 WALNUT STREET, SUITE 500**
**PHILADELPHIA, PA 19107**
**(215) 546-1345 Ext. 104**
**adenenberg@adlawfirm.com**