**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

CYRENA BROCK,

      Plaintiff,

      v.

CITY OF LANCASTER, ET AL.

      Defendants.

Docket No.: 23-3202

**JURY TRIAL OF 12 DEMANDED**

### NOTICE UNDER LOCAL RULE 7.1

Defendant, City of Lancaster, by and through its counsel, have filed a Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) and have served a copy of same to Plaintiff's counsel via the CM/ECF system.  Any Reply or opposing Memorandum is due by **November 9, 2023**.  If no responsive Brief is filed within that time period, the Court may grant Moving Defendant's Motion as uncontested.

Respectfully submitted,

By:   *Christine E. Munion*

    Christine E. Munion, Esquire
    I.D. No.:  72724
    P.O. Box 2903
    Hartford, CT  06104
    (215) 274-1731
    cmunion@travelers.com
    Attorney for Defendant, City of Lancaster

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

CYRENA BROCK,

        Plaintiff,

        v.

CITY OF LANCASTER, ET AL.

        Defendants.

Docket No.: 23-3202

**JURY TRIAL OF 12 DEMANDED**

**DEFENDANT, CITY OF LANCASTER'S MOTION TO DISMISS PURSUANT TO**
**F.R.C.P. 12(b)(6)**

NOW COMES, Defendant, City of Lancaster, ("Defendant") by and through its counsel, William J. Ferren & Associates, by Christine E. Munion, Esquire, and hereby files this Motion to Dismiss and in support thereof avers as follows:

1.      Count V of Plaintiff's Complaint asserts a Monell Complaint against the City of Lancaster.

2.      Plaintiff failed to allege any facts which would evidence that a policy was the "moving force" behind a constitutional tort.

3.      Plaintiff failed to allege any facts which support a prior pattern of similar incidents of constitutional violations that demonstrate the City of Lancaster approved of an unjustified use of force.

4.      Plaintiff failed to allege any specific training that was deficient that has a causal nexus with Plaintiff's injuries.

5.      There is no evidence of any custom, much less a permanent and well-settled custom at the City of Lancaster that its employees authorized and encouraged its police officers to use excessive force.

Plaintiff's Monell claim against the City of Lancaster must be dismissed.

Respectfully submitted.

By: _Christine E. Munion_____

      Christine E. Munion, Esquire
      I.D. No.:  72724
      P.O. Box 2903
      Hartford, CT  06104
      (215) 274-1731
      cmunion@travelers.com
      Attorney for Defendant, City of Lancaster

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

CYRENA BROCK,

        Plaintiff,

        v.

CITY OF LANCASTER, ET AL.

        Defendants.

Docket No.: 23-3202

**JURY TRIAL OF 12 DEMANDED**

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT, CITY OF LANCASTER'S MOTION TO DISMISS PURSUANT TO**
**F.R.C.P. 12(b)(6)**

Defendant City of Lancaster by and through counsel, William J. Ferren & Associates files this Motion to Dismiss and in support thereof states as follows:

**STATEMENT OF FACTS**

Plaintiff asserts that she was arrested on August 20, 2021.  While being frisked Plaintiff asserts that she was "pushed" and injured her face and nose.  Plaintiff asserted a Monell claim against Defendant, City of Lancaster.  Plaintiff failed to specifically plead any facts supportive of a Monell claim.

**STATEMENT OF QUESTIONS INVOLVED**

Should the City of Lancaster be dismissed from this matter:

**Suggested Answer:  Yes.**

**ARGUMENT**

A.      **Standard**

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  "Rule 12(b)(6)

4

authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Neitzke v. Williams, 490 U.S. 319, 326-27 (1989)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Generally, in ruling on a motion to dismiss, a district court relies on the complaint, attached exhibits, and matters of public record." Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007). In determining whether or not a motion to dismiss should be granted, a district court must accept as true the factual allegations in the complaint and construe all reasonable inferences in the light most favorable to the plaintiff. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). However, the Court need not accept a complaint's bald assertions, subjective characterizations, or legal conclusions when deciding a motion to dismiss. Evancho v. Fischer, 423 F.3d 347, 351 (3d Cir. 2005). The Court should grant the motion to dismiss if "no relief could be granted under any set of facts which could be proved." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

### B. Argument

### Plaintiff failed to Properly Plead a Monell Cause of Action and Count V Should be Dismissed

Count V of Plaintiff's Complaint asserts a Monell violation under 42 U.S.C. §1983 against the City of Lancaster. A claim against a municipality for a violation of civil rights brought pursuant to 42 U.S.C. §1983 must meet the mandate of Monell v. Department of Social Services, 436 U.S. 658 (1978). Under Monell, a municipality cannot be liable under a theory of respondeat superior. Monell, Id. 694. Merely employing a tortfeasor is insufficient to establish

§ 1983 liability against a municipality. **See** <u>Bd. of County Comm'rs v. Brown</u>, 520 U.S. 397, 403 (1997); **see also** <u>Leatherman v. Tarrant County</u>, 507 U.S. 163, 166 (1993) ("[A] municipality cannot be held liable under § 1983 on a *respondeat superior* theory.").  In <u>Jiminez v. All American Rathskeller, Inc.</u>, --- F.3d ----, 2007 WL 2743431, *1 (3d Cir. 2007), the Third Circuit cited <u>Monell v. New York City Department of Social Services</u>, 436 U.S. 658, 694, 98 S.Ct. 2018 (1978), for the settled proposition that a municipality cannot be subjected to liability solely because injuries were inflicted by its employees.  It went on to opine that "it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."  <u>Owen v. City of Independence, Mo.</u>, 445 U.S. 622, 633, 100 S.Ct. 1398, 1406 (1980). ("<u>Monell</u> held that 'a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.'") <u>Monell</u>, 436 U.S., at 694, 98 S.Ct., at 2038.

In order to attribute liability to the City of Lancaster, Plaintiff must plead and prove: (1) an underlying constitutional violation; (2) the identity of the officials or governmental bodies with final policymaking authority; and (3) proof that those individuals "have, through their decisions, 'caused the deprivation of rights at issue by policies which affirmatively command that it occur or by acquiescence in a longstanding practice or custom which constitutes the "standard operating procedure" of the local governmental entity.'" <u>Simmons v. City of Phila.</u>, 947 F.2d 1042, 1062 (3d Cir. 1991) (quoting <u>Jett v. Dallas Indep. Sch. Dist.</u>, 491 U.S. 701 (1989)). Plaintiff must also

establish that the policy in question was the "moving force" behind the constitutional tort. <u>Monell</u>, 436 U.S. at 691; <u>Fagan v. City of Vineland</u>, 22 F.3d 1283, 1292 (3d Cir. 1994).

Plaintiff must plead and prove that the policymakers of these entities acted with "deliberate indifference to the rights of persons with whom [their employees] came into contact" when they enacted the policy in question. <u>Simmons</u>, 947 F.2d at 1060-61.

To establish that a municipality has <u>a custom</u> that violates §1983, a plaintiff must identify a custom or practice that is, "so permanent and well settled as to virtually constitute law." <u>Andrews v. City of Philadelphia</u>, 895 F. 2d 1469, 1491 (3d Cir. 1990). An actual custom is one in which the municipality exercises deliberate indifference to individuals' constitutional rights by ignoring "a pattern of underlying constitutional violations." <u>Carswell v. Borough of Holmestead</u>, 381 F. 3d 235, 244 (3d Cir. 2004). However, proof under any <u>Monell</u> theory, still requires that the plaintiff prove that there is a "direct causal link,' between the custom and the resulting deprivation." <u>Board of County Comm. Of Bryan County v. Brown</u>, 520 U.S. 397, 405 (1997); <u>Brown v. Muhlenberg</u>, 269 F. 3d 205, 214 (3d Cir. 2001).

In further examining the "policy" provision of <u>Monell</u>, the courts have opined that:

> The absence of a policy does not thereby relieve a municipality of liability. A custom, while not formally adopted by the municipality, may lead to liability if the 'relevant practice is so widespread as to have the force of law.' This requirement should not be construed so broadly as to circumvent Monell: '[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy…' Liability may not be imposed solely on a respondeat superior theory. The plaintiff must demonstrate the municipality, through one of its policymakers, affirmatively proclaimed the policy (or acquiesced in the widespread custom) that caused the violation. Where the alleged custom is not itself unconstitutional, the plaintiff bears a comparably heavier burden of establishing municipal fault and causation by more than proof of a single incident…Accordingly, to survive summary judgment under this standard, the plaintiff must produce facts tending to show the [Police Department] knew of a pattern of constitutional violations or that such consequences were so obvious the [Police Department's] conduct can only be characterized as deliberate indifference.

Pelzer v. City of Philadelphia, 2009 U.S. Dist. LEXIS, 78554 at **36-38, 40 (E.D. Pa. Aug. 31, 2009) (citations omitted." *See also* Boria, 2009 U.S. Dist. LEXIS 57005 at *44.

There is no evidence to support a Monell claim in this matter.  To the contrary, Plaintiff's allegations against the City of Lancaster is simply a list a of things the City failed to do, which sounds in negligence and not deliberate indifference.   Plaintiff asserts that the City "deliberately, knowingly, and/or intentionally failed to take measures to stop or limit the policy, customs, and practices as follows":

- Failure to restrain unlawful use of excessive force;

- Failure to properly train, etc.;

- Failure to have clear, concise and appropriate directives;

- Failure to properly supervise its officers;

- Failure to restrain the use of excessive force;

- Failure to conduct systematic and complete internal affairs investigations;

- Failure to prevent Plaintiff from being injured by its Police Officers;

- Failure to maintain proper training procedures;

- Failing to provide adequate guidance as to the inappropriate use of force; and,

- Otherwise acting without due regard for the rights and safety of the Plaintiff.  **See** ECF Document #1, paragraph 57.

Furthermore, Plaintiff failed to offer any facts that would indicate that the policy maker's decisions caused Plaintiff's deprivation of rights by the policies he/she/they put into place.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (*quoting* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "Moreover, Plaintiff has

no evidence that any such policy was the "moving force" behind the constitutional tort. Monell, 436 U.S. at 691; Fagan v. City of Vineland, 22 F.3d 1283, 1292 (3d Cir. 1994). Plaintiff failed to identify any facts which reflect that these defendants were deliberately indifferent. It appears, therefore, that plaintiff is seeking to proceed against these defendants on a *respondeat superior* theory. As stated above, Section 1983 does not allow for such a cause of action.

Moreover, there is no evidence of any custom, much less a permanent and well-settled custom at the City of Lancaster that its employees authorized and encouraged its police officers to use excessive force. Plaintiff has no evidence of any other similar occasions where an arrestee was injured while being processed at the police station. Most importantly, the Plaintiff has no evidence which would tend to show that the City Lancaster knew of a pattern of constitutional violations or that such consequences were so obvious that Defendant's conduct can only be characterized as deliberately indifferent. Plaintiff has no evidence that any policymaker personally directed their employees to engage in an alleged constitutional violation. Nor is there any evidence that a policymaker acquiesced in their employees/agents alleged unconstitutional conduct (the second criterion under Monell) other than the incident that forms the basis of this Complaint. There is no evidence of any municipal policy or custom, or any wrongful conduct by the City of Lancaster, whatsoever. Moreover, there is no proof that any policy maker at the City, through their decisions caused a deprivation of Plaintiff's rights by policies, customs or practices that were in effect at the time of Plaintiff's detention. Instead, Plaintiff simply has a generic laundry list of things the City of Lancaster failed to do without any factual support of same. This violates the pleading requirements of F.R.C.P. 8. All claims against the City of Lancaster should be dismissed. Without any evidence that demonstrates the personal involvement of a policymaker in any alleged unconstitutional conduct fails as a matter of law and Plaintiff's Complaint must be dismissed

Moreover, there is simply no evidence of a prior pattern of similar incidents of constitutional violations that demonstrate the City of Lancaster approved of an unjustified use of force.   This is fatal to Plaintiff's purported <u>Monell</u> claim. Plaintiff also cannot show what *specific* training or written policy would have prevented this incident.   For all of these reasons, the City of Lancaster should be dismissed as a Defendant in this action.

Plaintiff's claim of "inadequate training" can only serve to establish §1983 liability where the failure to train amounts to "deliberate indifference" to the rights of persons with whom the employees of the municipality come in contact, and that such failure reflects a conscious choice by the municipality.   <u>City of Canton v. Harris</u>, 489 U.S. 378 (1989).   Under this standard it is insufficient for plaintiff to allege generally that better or different training should have been required; rather, plaintiff "must identify a failure to provide specific training that has a causal nexus with [his] injuries and must demonstrate that the absence of that specific training can reasonably be said to effect the deliberate indifference whether the alleged constitutional deprivations occurred." <u>Reitz v. County of Bucks</u>, 125 F. 3d 139, 145 (3d Cir. 1997).   Here, the Plaintiff simply asserted that the City of Lancaster failed to adequately train their officers.   **See** ECF Document #1, paragraph 57(B), (F) (I) and (J.).   Plaintiff failed to identify specifically what new or different training was required at the City of Lancaster.   As such Plaintiff's Complaint must be dismissed as to the City of Lancaster.

**CONCLUSION**

Wherefore, it is respectfully requested that Defendant, City of Lancaster's Motion to Dismiss be GRANTED and that the City of Lancaster be dismissed from this matter with prejudice.

Respectfully submitted,

By:   *Christine E. Munion*
       Christine E. Munion, Esquire
       I.D. No.:  72724
       P.O. Box 2903
       Hartford, CT  06104
       (215) 274-1731
       cmunion@travelers.com
       Attorney for Defendant, City of Lancaster

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

CYRENA BROCK,

           Plaintiff,

           v.

CITY OF LANCASTER, ET AL.

           Defendants.

Docket No.: 23-3202

**JURY TRIAL OF 12 DEMANDED**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of October, 2023, I electronically filed the foregoing

**MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6) AND MEMORANDUM IN SUPPORT THEREOF** with the Clerk of Court using the CM/ECF system which will be sent to the following:

Alan E. Denenberg, Esquire
Abramson & Denenberg, P.C.
1315 Walnut Street – 12th Floor
Philadelphia, PA 19107
adenenberg@adlawfirm.com
(*Counsel for Plaintiff*)

Respectfully submitted,

By: _*Christine E. Munion*_

Christine E. Munion, Esquire
I.D. No.: 72724
P.O. Box 2903
Hartford, CT 06104
(215) 274-1731
cmunion@travelers.com
Attorney for Defendant, City of Lancaster